IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PASSARELLA LG 6537, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-3081 |
| | : | |
| v. | : | |
| | : | |
| PERRY GALLESE (DEALER MICHEAL USED CAR), JOHN CONTESSE (CONTESSE AUTO TAG), and ELIZABETH CELLINI (SISTER), | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.  September 7, 2018

This is a purported action by a *pro se* prisoner plaintiff who is seeking monetary damages because his sister allegedly sold his car without his consent. Although the plaintiff alleges that the court has jurisdiction under 28 U.S.C. § 1331, he asserts no plausible allegations that would support jurisdiction under that statute. In addition, while the plaintiff appears to assert state-law claims, he has failed to plead any facts that would establish that this court has diversity jurisdiction over this action.

Currently before the court is the plaintiff's application to proceed *in forma pauperis*, a proposed complaint, and two motions for the appointment of counsel. The court will grant the application to proceed *in forma pauperis*, dismiss the complaint without prejudice to the plaintiff to file an amended complaint should he be able to assert a claim within the court's jurisdiction, and deny the motions for the appointment of counsel without prejudice to him refiling such motions should the court determine that his lawsuit has a legal basis.

# I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, William Passarella ("Passarella"), commenced this action by filing a complaint against the defendants, Perry Gallese ("Gallese"), John Contesse ("Contesse"), and Elizabeth Cellini ("Cellini"), that the clerk of court docketed on July 23, 2018. Doc. No. 1. In the complaint, Passarella purports to assert unidentified claims under 28 U.S.C. § 1331 because the defendants are federal officials. *See* Compl. at 1. With regard to the parties' citizenship, Passarella alleges that he currently incarcerated at SCI–Mahanoy located in Frackville, Pennsylvania, and the defendants all have mailing addresses in Pennsylvania. *Id.* at 1, 2.

As for the substance of Passarella's claims, he alleges that on January 25, 2017, he purchased a 2003 Chevrolet Malibu for $2,100. *Id.* at 3. Passarella's sister, Cellini, sold this vehicle to Gallese, who was doing business at and is the owner of "Micheal [sic] Used Cars." *Id.* at 2, 3. Passarella did not consent to Cellini selling his car. *Id.* at 3. Apparently, on September 9, 2017, Gallese took the automobile tags to Contesse, the owner of Contesse Auto Tags, to "illegally [take his] name off the title of [his vehicle]." *Id.* at 3. Passarella alleges that since February 15, 2018, the Pennsylvania State Police have been investigating this incident. *Id.*

With regard to his injuries, Passarella asserts that he has suffered from "mental, undue stress" because he did not have his vehicle. *Id.* at 3. He is seeking $75,000 against each of the defendants, along with punitive damages, because he has suffered from mental stress, duress, and pain and suffering. *Id.* He is also seeking an additional $2,100 from Contesse because he lost the value of his vehicle once Cellini sold it. *Id.*

Because Passarella failed to pay the filing fee or submit an application for leave to proceed *in forma pauperis*, the court entered an order on July 27, 2018, giving him until August 27, 2018, to submit the filing fee or an application for leave to proceed *in forma pauperis*. *See*

Order at 1-2, Doc. No. 4. The court also attempted to provide a bit of guidance to Passarella, as this was the fourth action that he had filed in federal court in less than a year and, similar to the prior three cases, this case appeared to have been improperly filed in federal court. *See id.* at 2, n.2. The court explained to Passarella about the state and federal court systems, and that federal courts are courts of limited jurisdiction. *See id.* The court also pointed out that although Passarella was attempting to assert a claim under section 1331, this section had no applicability to this case because he was not pleading a claim arising "'under the Constitution, laws, or treaties of the United States.'" *See id.* (quoting 28 U.S.C. § 1331). The court further pointed out that it also did not appear that the court would have subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because the allegations did not allege that the parties were completely diverse. *See id.* The court concluded this explanatory and advisory footnote by indicating to Passarella that he could potentially assert the claims contained in the complaint in the state courts. *See id.*

Passarella once again failed to heed to the court's guidance and continued to prosecute this action by subsequently filing a motion for the appointment of counsel, which the clerk of court docketed on August 6, 2018.[1] Doc. No. 5. He then submitted an application for leave to proceed *in forma pauperis* (the "IFP Application") and his prisoner trust fund account statement, which the clerk of court docketed on August 13, 2018. Doc. Nos. 6, 7. The clerk of court docketed a second motion for the appointment of counsel from Passarella on August 20, 2018.[2] Doc. No. 8.

---

[1] Passarella claimed that he was entitled to counsel because he is "seriously mentally ill," he had no knowledge of the law, and lacked access to an adequate law library. *See* Pl's Mot. for the Appointment of Counsel Pursuant to 1915(e) at 1.

[2] On this occasion, Passarella claimed that he was entitled to counsel because his "imprisonment will greatly limit [his] ability to litigate, the issues involved in this case are complex and will require significant research and investigation[, and he] has limited access to the law library and limited knowledge of the law."

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch[ v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131-32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that he or she is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application and prisoner trust fund account statement, it appears that Passarella is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.[3]

**B.** **Standard of Review of Complaints Under 28 U.S.C. § 1915(e)(2)(B) and Sua Sponte Review for Subject-Matter Jurisdiction**

Because the court has granted Passarella leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious, "[a] court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated

---

[3] Since Passarella is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b), even though the court is ultimately dismissing this action.

claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

The court also has the authority to examine subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As a plaintiff commencing an action in federal court, Passarella bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105

(3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### C. <u>Analysis</u>

The court will dismiss the complaint without prejudice because Passarella has not included sufficient allegations invoking this court's subject-matter jurisdiction. Although Passarella has indicated that the court has jurisdiction under 28 U.S.C. § 1331, he has not included any plausible basis for a federal claim in the complaint. Thus, the only plausible claims that this court can discern are claims under state law. However, the complaint fails to establish diversity jurisdiction under 28 U.S.C. § 1332, which would be the only independent basis for jurisdiction over those claims.

The diversity jurisdiction statute, 28 U.S.C. § 1332, grants a district court subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.* 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

All of the parties in this case are individuals, and an individual is a citizen of the state where he or she is domiciled, meaning the state where the individual is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) ("A party's citizenship is determined by her domicile, and the domicile of an individual is his true,

fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." (citations and internal quotation marks omitted)). Passarella is now incarcerated at SCI–Mahanoy, but he has failed to allege the state of his domicile prior to his incarceration, although documents attached to the complaint suggest that he is a citizen of Pennsylvania. *See Robinson v. Temple Univ. Health Servs.*, 506 F. App'x 112, 115 (3d Cir. 2012) (per curiam) (explaining that "[t]he traditional view is that a prisoner remains a citizen of the state of which he was a citizen before his imprisonment," and that other circuits "follow a rebuttable presumption model; those courts presume that a prisoner does not change his domicile by being incarcerated in a new state, but they permit him to rebut that presumption"). Passarella has also failed to properly allege the citizenship of the defendants, although documents attached to the complaint likewise suggest that at least one of them might be domiciled in, and thus is a citizen of, the Commonwealth of Pennsylvania. Accordingly, at this point diversity jurisdiction appears lacking.

## III. CONCLUSION

For the foregoing reasons, the court will grant Passarella leave to proceed *in forma pauperis* and dismiss the complaint without prejudice. The court will give Passarella leave to file an amended complaint in the event that he can state a claim within the court's jurisdiction. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). The court will also deny the motions for appointment of counsel without prejudice at this time.[4] *See Tabron v. Grace*, 6

---

[4] As indicated above, Passarella asserts that he is "seriously mentally ill." Doc. No. 5. The court recognizes the objective under Rule 17(c)(2) of the Federal Rules of Civil Procedure is to protect an "incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). However, the court may still conduct a screening under section 1915(e) consistent with Rule 17. *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) ("In the context of unrepresented litigants proceeding *in forma pauperis*, this inquiry [under Rule 17] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)."); *see also Himchak v. Dye*, 684 F. App'x 249, 252 (3d Cir. 2017) (per curiam) ("Because, as discussed below, we agree that the District Court properly dismissed the complaint under the screening provisions, it did not abuse its discretion by not appointing a guardian to protect Himchak's interests pursuant to Fed. R. Civ. P. 17(c)."); *Dangim v. FNU LNU, USA Law Enf't*,

F.3d 147, 155 (3d Cir. 1993) (explaining that in determining whether appointment of counsel is appropriate, the court should first determine whether plaintiff's lawsuit has legal basis).

A separate order follows.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

No. CIV 16-812 JB/SCY, 2017 WL 3149359, at *3 (D.N.M. June 2, 2017) (understanding *Powell* to convey that "a district court may sua sponte dismiss a complaint under § 1915A or § 1915(e)(2) as frivolous, malicious, or for failure to state a claim on which relief may be granted without first inquiring into a pro se litigant's mental competency to represent himself or herself under Rule 17(c)(2)").